

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 21 , 1969

Honorable Wilson E. Speir                    Opinion No. M-452
Director
Texas Department of Public Safety    RE: Questions relating
Box 4087                                          to accident reports
Austin, Texas 78751                              under recent Amend-
                                                        ment to Section 47
                                                        of Article 6701d
                                                        V.C.S. making such
                                                        reports public rec-
                                                        ords after January
Dear Colonel Speir:                              1, 1970.

        You have requested the opinion of this office on
the following questions:

              "1.  After January 1, 1970, must the De-
        partment provide a copy of all reports
        and information by peace officers on
        accidents they investigate to persons
        requesting it and paying the Two Dollar
        fee?

              "2.  Would a two-part form be legal?
        One part of the form would be furnish-
        ed the public as the official 'accident
        report,' and the second part would be
        statistical and survey information for
        State and Departmental use only.  This
        second part would be detached from the
        'accident report' and filed separately.

              "3.  In the event your answer to Question
        No. 2 is negative, would it be possible
        to have officers collect additional in-
        formation on accidents for study and
        survey purposes for limited periods of
        time or in limited geographical areas,
        submitting such information to the De-
        partment when they file their accident
        reports?  The purposes being to make
        only the actual accident report avail-
        able to the public and to use the in-
        formation in the study or survey re-

-2244-

port for Department purposes only."

Your inquiry stems from the passage of House Bill 749, Acts 61st Leg., R.S. 1969, ch. 383, p. 1189, which amends Section 47 of Article 6701d, Vernon's Civil Statutes, to read as follows (underlined portions constitute the added provisions):

> "Section 47.  Accident reports. All accident reports made by persons involved in accidents, by garages, or peace officers shall be without prejudice to the individual so reporting and shall be privileged and for the confidential use of the Department or other State agencies having use for the records for accident prevention purposes, except that the Department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident, provided that accident reports submitted by peace officers after January 1, 1970, are public records open for inspection.  After January 1, 1970, the Department shall provide a copy or copies of any peace officer's report submitted after that date to any person upon written request and payment of a Two Dollar ($2) fee.  Such copy may be certified by the Department for an additional fee of Two Dollars ($2).  In the event no report is on file the Department may certify such fact for a fee of Two Dollars ($2).  All fees collected under this Section shall be placed in the Operators and Chauffeurs License Fund and are hereby appropriated to be used by the Department in the administration of this Act."

It is noted that Section 47 still commences "All accident reports. . ."  (Emphasis ours.)  In the amended portion there

appears, _inter alia_, ". . .a copy or copies of _any_ peace
officer's report. . ." It is therefore the opinion of
this office in answer to your first question that, after
January 1, 1970, your Department must provide a copy of
all reports and information relating to a particular
accident submitted to you by peace officers to any person
requesting same and paying the $2 fee.

In view of the language quoted in the preceeding
paragraph it is the opinion of this office that a two-
part form as described in your second question would not
be proper.  Since both parts would be submitted in con-
nection with a specific accident, and would constitute
a single report, any person requesting same and tendering
$2 would be entitled to the entire report.

In answer to your third question it is our opinion
that there would be no legal bar to the collection of
statistical information on accidents for study and survey
purposes provided that this statistical information was
gathered and submitted without specific reference to any
particular accident.  In this connection we would point
out that, although a two-part form does not meet our ap-
proval, the use of a separate form for statistical pur-
poses with no identification as to driver, injured parties,
etc. by name, or vehicle by license number, or other
identification, would be permissible.

### SUMMARY

Accident reports submitted by peace
officers to the Department of Pub-
lic Safety after January 1, 1970
are public records and a copy of
such accident report _en toto_ must
be furnished to any person request-
ing same and paying a $2 fee.  The
Department may not detach a portion
of such report for statistical pur-
poses but the Department may pre-
pare a _separate_ statistical report.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-2246-

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Lonny Zwiener
Malcolm Quick
Bob Lattimore
Jerry Roberts

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant